**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 00-50949
Summary Calendar

DEBORAH RICHARDSON HARRIS,

                                                                    Plaintiff-

Appellant,

versus

BRAZOS COUNTY; CITY OF LACY LAKEVIEW;
UNKNOWN DEFENDANTS A-Z;
CONNIE FOREMAN; JEAN WOODWORTH;
ARTURO MOLINA; EDNA ROGERS;
NEZZIE L. WEST; VICTOR LICON; ROBE SHUMAKER;
PAUL WILLIAMSON; KATIE TURGEON;
DAVID DROSCHE; JOSEPHINE JOHNSON;
ALTON HOLMES; MICHAEL QUAST, JR.;
DOUGLAS TREMAINE; LARRY COTTEY;
ANDREW ESTES; PAMELA D. THOMPSON;
REGINALD WALKER; DUKE CHENAULT;
SARAH DISERENS; WAYNE DICKEY; CHRIS KIRK;
TERESA PITTMAN; DANNY LORD; BOBBIE COOK;
JANET BUSCH; TOM CALUCCI; MICHAEL NICOLETTI,

                                                            Defendants-Appellees.

---------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CV-200
---------------------------------------------------------
June 28, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges:

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Deborah Richardson Harris appeals the district court's order granting a summary judgment in favor of the defendants. She argues that Brazos County and Brazos County officials failed to provide adequate medical care while she was incarcerated as a pretrial detainee in violation of her constitutional rights under 42 U.S.C. §§ 1981 and 1983 and that they were negligent under Texas law. Because Harris has not shown that the defendants were aware that she had a serious medical need but disregarded that need by failing to provide adequate medical care, the district court did not err in holding that the Brazos County officials were entitled to qualified immunity from liability for Harris' claim that she was denied adequate medical care. See Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996)(en banc); Jones v. City of Jackson, 203 F.3d 875, 879 (5th Cir. 2000). Because Harris has not shown that Brazos County officials denied her adequate medical care, she has not established such a claim against Brazos County. See Olabisiomotosho v. City of Houston, 185 F.3d 521, 525-26, 528-29 (5th Cir. 1999). Harris has not shown that the district court erred in holding that Brazos County officials were entitled to official immunity from liability for negligence under Texas law because they were performing discretionary duties in good faith within the scope of their authority. See Kassen v. Hatley, 887 S.W.2d 4, 8 (Tex. 1994).

Harris argues that the City of Lacy Lakeview and numerous city officials violated her constitutional rights by referring the nonpayment of her water bill to the City Police Department, obtaining an arrest warrant, and arresting her pursuant to that warrant after she had paid the water bill. Because at the time that Officer Lord executed the affidavit and obtained the arrest warrant, the City's records indicated that Harris had not paid the amount of the returned check, Officer Lord is entitled to qualified immunity. See Malley v. Briggs, 475 U.S. 335, 345-46 (1986); Richardson v. Oldham, 12 F.3d 1373, 1381 (5th Cir. 1994). Even if Officer Lord may have been negligent in failing to investigate to determine whether the City had received payment but had not credited it to Harris' account, such negligence does not constitute a constitutional violation. See Malley, 475 U.S. at 345-46; Richardson, 12 F.3d at 1381. Because Harris did not allege or show that Tom Calucci, Michael Nicolette, or Jean Woodworth were personally involved in the decision to obtain an arrest warrant,

2

the district court did not err in granting a summary judgment in favor of Calucci, Nicolette, and Woodworth.  See Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987).  Harris does not argue that the district court erred in granting a summary judgment in favor of Bobbie Cook, Janet Busch, or Connie Foreman, and, therefore, she has abandoned this issue on appeal.  See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).  Harris has not shown that the district court erred in holding that the city officials are entitled to official immunity from liability for Harris' state law claims of negligence, defamation, false imprisonment, and malicious prosecution because they were performing discretionary duties in good faith within the scope of their authority.  See Kassen, 887 S.W.2d at 8.  Because Harris has not established that a city official or employee violated her constitutional rights, she has failed to establish that the City of Lacy Lakeview is liable for an alleged constitution violation or for a violation of Texas state law.  See Olabisiomotosho, 185 F.3d at 525-26, 528-29.

AFFIRMED.